# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERMIN VINCENT VALENZUELA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ANAHEIM; ANAHEIM POLICE DEPARTMENT; RAUL QUEZADA, individually and as Chief of Police; DANIEL WOLFE, WOOJIM JUN and DOES 1 through 10, individually and as a peace officers, inclusive,<br><br>    Defendant. | Case No.:   8:17-cv-00278 CJC (DFMx)<br><br>**PROTECTIVE ORDER REGARDING PRODUCTION OF ORANGE COUNTY SHERIFF-CORONER RECORDS PURSUANT TO THIRD PARTY SUBPOENA**<br><br>[Subpoena *Duces Tecum* Document: Referred to Magistrate Judge Douglas F. McCormick]<br><br>Action Filed:  February 15, 2017<br>Trial Date:    None set<br>CTRM:        6B |

Plaintiff Fermin Vincent Valenzuela ("Plaintiff"), by and through his counsel of record, Douglas A. Linde, City of Anaheim, et al. ("Defendants"), by and through its counsel of record, and third party witness and custodian of records Sandra Hutchens, Sheriff-Coroner for the County of Orange (the "Sheriff"), by and through her attorney of record, have stipulated to a protective order regarding confidential information and seek to have a protective order entered by the Court based on that stipulation. The stipulation has been filed with the Court. Based on that Stipulation and it appearing that the information is confidential and good cause appearing therefor, the following Protective Order shall apply

to the Coroner Report for Case number 16-03089-BB produced by Defendants to Plaintiff's counsel in this action:

## **GOOD CAUSE STATEMENT**

Plaintiff issued on March 28, 2017, and served on the Sheriff on April 6, 2017, a Subpoena in a Civil Case seeking the Coroner Report for Case number 16-03089-BB ("Subpoena"). Plaintiff asserts that Plaintiff is entitled to the requested records because Plaintiff has a strong interest in obtaining records related to the decedent's cause of death. The Sheriff asserts that the case is currently under investigation by the Orange County District Attorney and therefore the requested records are privileged and exempt from disclosure pursuant to California Evidence Code section 1040(b)(1)-(2) and Government Code section 6254(k), as well as the Constitutional Right to Privacy under Article 1, section 1 of the California Constitution. Federal courts have given weight to privacy rights protected by state constitutions or statutes. *See Soto v. City of Concord,* 162 F.R.D. 603, 616 (N.D. Cal. 1995)..

Accordingly, all parties are included in this stipulated protected order to expedite the flow of information, to facilitate the prompt resolution of disputes of confidentiality of subpoenaed materials, to adequately protect information the parties are entitled to keep confidential, to address their handling at the end of the litigation, and serve the ends of justice.

## **STIPULATION**

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, Defendant, and the Sheriff, by and through their attorneys of record, that the Coroner Report for Case number 16-03089-BB received by Plaintiff pursuant to the Subpoena shall be subject to the following:

1. The Protective Order applies to the Coroner's Report sought by the Subpoena ("Responsive Records") or the substance of any portion thereof, and all documents of whatever kind containing information obtained from the Coroner's Report;

2. The Responsive Records shall be used solely in connection with <u>Fermin Vincent Valenzuela v. City of Anaheim, et al.</u>, Case No. 8:17-cv-00278 CJC (DFMx), any associated appellate proceedings and collateral review, and not for any other purpose;

3. The Responsive Records or any portion thereof shall not be disclosed to any other person, firm or corporation, except:

    a. Attorneys for the parties;
    b. Bona fide employees of the law offices for the parties' counsel, and then only to the extent necessary to enable said persons to assist in litigation of this action;
    c. Defendant, to the extent deemed necessary by counsel;
    d. Expert witnesses employed by the parties to this action;
    e. Consultants retained by the parties to this action;
    f. Witnesses in deposition, or
    g. The Court and court personnel.

4. All persons described in paragraph 3(a) through (g) above shall not disclose any portion of said Responsive Records and shall not use any information obtained therefrom except in conformance with this Order and for purposes of this litigation. Any party who discloses the Responsive Records to any person described in paragraph 3(a) through (g) shall advise such person that said matters constitute confidential information which may be used only for the litigation of this action, and shall, prior to disclosure of the Responsive Records, provide said person a copy of this Protective Order. Said person shall agree to be bound by the same and subject to the jurisdiction of this Court with respect to any proceeding related to the enforcement of this Protective Order, including but not limited to a proceeding for contempt;

5. If any Responsive Record is required to be filed or lodged with the Court in connection with court proceedings, it shall be done under seal in conformance with all applicable court rules, unless relief from this Order is obtained as set forth in paragraphs 7 and 8, below;

6. This Order prohibiting any dissemination and disclosure of information from the Responsive Records applies in any further proceedings;

7. The prohibition on the dissemination and disclosure of Responsive Records as contained in this Order will not apply if, upon the written request of a party to this action, the Sheriff's counsel consents in writing that Responsive Records may be publicly disclosed. Failure to seek such consent would constitute a violation of this Order;

8. This Order is without prejudice to any party seeking relief from the Court to impose further restrictions or to vacate existing restrictions imposed by this Order. However, it is expected that before seeking relief from the Court, a party will first seek relief as set forth in paragraph 7, above. If a party seeks relief from the Court, the party shall provide appropriate written notice served on the Sheriff, through its attorney of record, and all other parties;

9. The production of Responsive Records by the Sheriff pursuant to this Order shall not be deemed a waiver of any privilege or confidentiality or privacy right for any future purpose.

**IT IS SO ORDERED.**

DATED: August 7, 2017  _____
Honorable Douglas F. McCormick
United States District Judge