Douglas A. Linde, SBN 217584 (dal@lindelaw.net)
Erica Allen Gonzales, SBN 234922 (eag@lindelaw.net)
THE LINDE LAW FIRM
9000 Sunset Boulevard, Ste. 1260
Los Angeles, California 90069
(310) 203-9333; (310) 203-9233 FAX

Attorneys for Plaintiff, FERMIN VINCENT VALENZUELA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| FERMIN VINCENT VALENZUELA<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ANAHEIM; ANAHEIM POLICE DEPARTMENT; RAUL QUEZADA, individually and as Chief of Police; DANIEL WOLFE, WOOJIN JUN and DOES 1 through 10, individually and as a peace officers, inclusive,<br><br>　　　　Defendants. | Case No. CV17-00278 CJC (DFMx)<br>Honorable Cormac J. Carney<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; DECLARATION OF ERICA L. ALLEN IN SUPPORT THEREOF**<br><br>Date: November 20, 2017<br>Time: 1:30 p.m.<br>Judge: Cormac J. Carney<br>Courtroom: 9B |

**TO THE HONORABLE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN:**

　　　　PLEASE TAKE NOTICE THAT Plaintiff, FERMIN VINCENT VALENZUELA ("Plaintiff") hereby moves this Court for leave to file a First

1
MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Amended Complaint, lodged herewith.  This motion will be heard on November 20, 2017 at 1:30 p.m., or as soon thereafter as the Court is available to hear the motion, in Department 9B of the United States District Court, Central District of California located at 411 W. Fourth Street, Santa Ana, CA 92701.

      Plaintiff brings this motion pursuant to FRCP Rule 15 and Local Rule 15-2, basing it on the following Memorandum of Points and Authorities, Declaration of Erica Allen Gonzales, the [Proposed] Order, the [Proposed] First Amended Complaint attached hereto as Exhibit 1 and any additional arguments Plaintiff will make prior to or at the hearing.

      This is motion is made following the conference of counsel pursuant to Local Rule 7-3, which occurred between October 1 and 10, 2017.

Dated:  October 13, 2017       THE LINDE LAW FIRM

By: _____
Douglas A. Linde
Erica A. Gonzales
*Attorney for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a civil rights case arising out of the death of Fermin Vincent Valenzuela, II, an unarmed civilian, during the course of an arrest by the Anaheim Police Department. Specifically, on July 2, 2016, Anaheim Police Department officers, Daniel Wolfe and Woojin Jun encountered Vincent Valenzuela, II, in the City of Anaheim used a carotid artery technique, or chokehold, to arrest, Mr. Valenzuela, choking him to death.

Plaintiff filed the instant case on February 15, 2017. At the time the Complaint was filed, Plaintiff did not know that the death was the result of the use of the carotid artery technique, or chokehold. Plaintiff was also not aware of the involvement of Sergeant Daniel Gonzalez.

Through the instant Motion, Plaintiff seeks leave to file a First Amended Complaint. The Complaint makes two changes: First, it adds as an additional Defendant, Daniel Gonzalez, who is a Sergeant with the Anaheim Police Department, who was present during, and aided in Officer Wolfe and Officer Jun's interaction with the decedent, and who is alleged to have also used excessive force in the arrest and detention of Fermin Vincent Valenzuela, II that lead to his death. Second, it includes specific language clarifying that the excessive force used upon the decedent was a "carotid artery technique" which was permitted under Anaheim Police Department

policy. Pursuant to Local Rule 15-1, a copy of the [Proposed] First Amended Complaint filed separately herewith.

The Court should freely give leave to amend pleadings under FRCP Rule 15(a)(2), and the Ninth Circuit has reiterated several times that this policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-1052 (9th Cir. 2003).

As the incident occurred on July 2, 2016, all of the proposed amendments are within the two-year statute of limitations applicable to civil rights cases.

## II. PROCEDURAL HISTORY

Plaintiff filed his original complaint on February 15, 2017, alleging Civil Rights Violations pursuant to 42 U.S.C. §1983 arising out of the death of Fermin Vincent Valenzuela, II on July 2, 2016.

On approximately September 27, 2017, Plaintiff obtained a copy of the Orange County District Attorney's report detailing the investigation conducted by the Orange County District Attorney's office after the death of Fermin Vincent Valenzuela, II. A copy of this report is attached hereto as Exhibit 1. The report sets forth that Mr. Valenzuela's death was caused by use of the carotid artery technique, or chokehold.

The report provides specific detail as to how Sergeant Daniel Gonzalez was involved in the arrest of Mr. Valenzuela. This was the first time that Plaintiff became

aware of the identity of Sergeant Daniel Gonzalez. Specifically, the report states:

> Sergeant Gonzalez repeatedly ordered Valenzuela to stop resisting, and supervised Officer Wolfe's application of the carotid artery technique. Sergeant Gonzalez gained control of Valenzuela's right arm while Office Jun maintained control of Valenzuela's left arm. Sergeant Gonzalez indicated that use of the carotid artery restraint technique is approved by the APD when a subject is physically resisting, and he did not think the use of that technique was excessive because all other options had been attempted without success. Sergeant Gonzalez advised Officer Wolfe to continue because Valenzuela was still fighting. Sergeant Gonzalez gave Officer Wolfe instruction on how to properly administer the carotid artery technique. Exhibit 1, p. 4.

A supervising police officer can be held liable for the acts of his subordinates in many circumstances including if he knew of and acquiesced in the action. See e.g, *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir.2011); *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir.1991). Accordingly, Plaintiff seeks to add Sergeant Daniel Gonzalez as a Defendant in the instant action.

On October 1, 2017, Plaintiff requested that Defendant CITY OF ANAHEIM stipulate to the filing of a First Amended Complaint. On October 10, 2017, Defendant refused such Stipulation. Accordingly, Plaintiff now files the instant motion.

### III. THE COURT SHOULD GRANT PLAINTIFF LEAVE TO FILE ITS FIRST AMENDED COMPLAINT

#### A. The Court Should Permit Amendments "With Extreme Liberality"

"A party may amend its pleading only with the opposing party's written consent

or the Court's leave. The Court should freely give leave when justice so requires." FRCP 15(a)(2). The Ninth Circuit has reiterated numerous times that Rule 15(a)'s policy of freely giving leave is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003); *Nelson v. Adams USA, Inc.*, (2000) 529 US 460, 466-467.

Additionally, the Ninth Circuit has noted that "[a] district court determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility … [g]enerally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court provided that in the absence of any apparent or declared reason – including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment – leave to amend should be "freely given." *Id.* at 182. *See also Hurn v. Ret. Fund Trust of the Plumbing, Heating & Piping Indus. Of S. Cal.*, 648 F.2d 1252 (9th Cir. 1981). Absent prejudice or a strong showing of any of the other *Foman* factors, there is a presumption under Rule 15(a) in favor of granting leave to amend. *See e.g. Eminence, supra*, 316 F.3d 1048, 1052 (citing *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).

### B. Plaintiff's Proposed Amendments

The Proposed First Amended Complaint does not add any new causes of action. Rather, it makes two changes: First, it adds as an additional Defendant, Daniel Gonzalez, who is a Sergeant with the Anaheim Police Department, who was present during, and aided in Officer Wolfe and Officer Jun's interaction with the decedent, and who is alleged to have also used excessive force in the arrest and detention of Fermin Vincent Valenzuela, II that lead to his death (FAC ¶¶9, 15, 18, 20-26, 28, 30, 31, 36, 39-42). Second, it includes specific language that the excessive force used upon the decedent was a "carotid artery technique" which was permitted under Anaheim Police Department policy (FAC ¶¶19, 21, 45, 46, 47).

### C. Allowing These Amendments is in the Interest of Judicial Economy

It is important to note, that the request relief is still well within the two year statute of limitations applicable to civil rights cases. Accordingly, if leave to amend is denied, Plaintiff will be required to file an entirely new, albeit almost identical, action against this new Defendant.

Moreover, if leave to amend is denied, and the cases <u>are not consolidated</u>, there is a risk of inconsistent verdicts (for example, a potential finding in the first case that Defendants' actions violated 42 U.S.C. §1983, and a potential finding in the second case that those identical actions taken, and authorized by Daniel Gonzalez do not).

7

MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Handling these two matters separately would require significant duplicative discovery, duplicative law and motion practice, possibly duplicative trials, and, in short, would be an unnecessary waste of judicial resources and contrary to the driving purpose of a just, speedy and inexpensive resolution of every matter described in FRCP 1. Defendants will not suffer prejudice as there has been no previous amendments to the Complaint, and no undue delay by Plaintiff.

Similarly, if leave to amend is denied, and the cases <u>are consolidated</u>, the effect is identical to granting leave to amend.

Accordingly, considerations of judicial economy weigh strongly in favor of granting leave to amend.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant him leave to file the First Amended Complaint and deem the proposed First Amended Complaint lodged herewith the operative complaint in the case, pursuant to Local Rule 15-3.

Dated:  October 13, 2017        THE LINDE LAW FIRM

By: _____
Douglas A. Linde
Erica A. Gonzales
*Attorney for Plaintiff*

MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT