Douglas A. Linde, SBN 217584 (dal@lindelaw.net)
Erica Allen Gonzales, SBN 234922 (eag@lindelaw.net)
THE LINDE LAW FIRM
9000 Sunset Boulevard, Ste. 1260
Los Angeles, California 90069
(310) 203-9333; (310) 203-9233 FAX

Attorneys for Plaintiff,
FERMIN VINCENT VALENZUELA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| FERMIN VINCENT VALENZUELA | Case No. CV17-00278 CJC (DFMx) |
| Plaintiff, | Honorable Cormac J. Carney |
| v. | **[PROPOSED] FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATION [42 U.S.C. § 1983]** |
| CITY OF ANAHEIM; ANAHEIM POLICE DEPARTMENT; RAUL QUEZADA, individually and as Chief of Police; DANIEL WOLFE, WOOJIN JUN and DOES 1 through 10, individually and as a peace officers, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff FERMIN VINCENT VALENZUELA alleges against defendants CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT, RAUL QUEZADA, individually and as Chief of Police, DANIEL WOLFE, WOOJIN JUN, DANIEL GONZALEZ and DOES 1 through 10, individually and as a peace officers, inclusive, as follows:

1

## JURISDICTION AND VENUE

1.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

2.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Orange, California.

## PARTIES

3.     At all relevant times, Plaintiff, FERMIN VINCENT VALENZUELA, was an individual residing in County of Orange, California, and father of Fermin Vincent Valenzuela, II.

4.     At all times herein mentioned, Defendant CITY OF ANAHEIM was and is a public entity duly organized and existing as such under the laws of and in the State of California.

5.     Defendant ANAHEIM POLICE DEPARTMENT is an agency of Defendant CITY OF ANAHEIM and Defendant CITY OF ANAHEIM is a "person" subject to suit within the meaning of 42 U.S.C. § 1983 under *Monell v. Dept. of Social Services*, (1978) 436 U.S. 658, 691.  Under California Government Code § 815.2(a), Defendant CITY OF ANAHEIM is liable for any and all wrongful acts hereinafter complained of committed by any of the individual officer defendants.

6.     Plaintiff is informed and believes and on that basis alleges that Defendant RAUL QUEZADA is the Police Chief of the ANAHEIM POLICE DEPARTMENT, an agency of the CITY OF ANAHEIM.  Plaintiff is informed and believes and on that basis alleges that Defendant RAUL QUEZADA is a policy-maker, responsible for implementing, maintaining, sanctioning, or condoning policies, customs and/or

2

practices under which other defendants committed the illegal or wrongful acts hereinafter complained of.  By reason of these policies, practices and/or customs, Defendant RAUL QUEZADA is liable for the damages hereinafter complained of. Plaintiff sues Defendant RAUL QUEZADA in both his official capacity as Chief of Police and his personal capacity.

7.     Plaintiff is informed and believes and on that basis alleges that Defendant DANIEL WOLFE was, at all relevant times, a resident of the County of Orange, State of California; and was, at all relevant times, a police officer, acting within his course and scope of his employment with ANAHEIM POLICE DEPARTMENT, an agency of the CITY OF ANAHEIM.

8.     Plaintiff is informed and believes and on that basis alleges that Defendant WOOJIN JUN was, at all relevant times, a resident of the County of Orange, State of California; and was, at all relevant times, a police officer, acting within his course and scope of his employment with ANAHEIM POLICE DEPARTMENT, an agency of the CITY OF ANAHEIM.

9.     Plaintiff is informed and believes and on that basis alleges that Defendant DANIEL GONZALEZ was, at all relevant times, a resident of the County of Orange, State of California; and was, at all relevant times, Sergeant with the ANAHEIM POLICE DEPARTMENT, acting within his course and scope of his employment, an agency of the CITY OF ANAHEIM.

10.     Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.  The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to plaintiffs who therefore sue said defendants by such fictitious names, and plaintiffs will seek leave to

FIRST AMENDED COMPLAINT

amend this complaint to show their true names and capacities when the same are ascertained.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11.     Plaintiff refers to and repleads each and every allegation contained in this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

12.     The incidents complained of occurred near the intersection of Broadway and Magnolia Avenue in the city of Anaheim, State of California.

13.     On July 2, 2016, at approximately 9:15 a.m., while on duty and on patrol the defendants DANIEL WOLFE, WOOJIN JUN and DOES 1-10 encountered Fermin Vincent Valenzuela, II, at or near the intersection of Broadway and Magnolia Avenue in the city of Anaheim, State of California.

14.     On information and belief, Fermin Vincent Valenzuela, II had not committed any crime. Defendants DANIEL WOLFE, WOOJIN JUN and DOES 1-10, inclusive, had neither reasonable suspicion to detain him, nor probable cause to arrest him. On information and belief, Defendants DANIEL WOLFE, WOOJIN JUN, ANAHEIM POLICE DEPARTMENT and DOES 1-10 had no information that he had committed a felony.

15.     At all relevant times, Fermin Vincent Valenzuela, II was unarmed and posed no imminent threat of death or serious physical injury to defendants DANIEL WOLFE, WOOJIN JUN, DANIEL GONZALEZ and DOES 1-10, inclusive nor to any other person.

16.     On July 2, 2016, Defendant DANIEL WOLFE never saw Fermin Vincent Valenzuela, II, holding a weapon.

17.     On July 2, 2016, Defendant WOOJIN JUN never saw Fermin Vincent Valenzuela, II, holding a weapon.

FIRST AMENDED COMPLAINT

18.     On July 2, 2016, Defendant DANIEL GONZALEZ never saw Fermin Vincent Valenzuela, II, holding a weapon.

19.     Defendants DANIEL WOLFE and WOOJIN JUN and DOES 1-10, inclusive, under color of authority, used excessive force upon Fermin Vincent Valenzuela, II with their batons, hands, elbows, fists, knees and a Taser gun. Defendants also deployed their Taser guns, several times, at Fermin Vincent Valenzuela, II – striking him several times.  Officer Wolfe used a carotid artery technique to restrain Fermin Vincent Valenzuela, II.

20.     Defendant DANIEL GONZALEZ oversaw, supervised and approved Defendants DANIEL WOLFE and WOOJIN JUN's use of force.

21.     Even though Fermin Vincent Valenzuela, II could have been restrained with the use of less than lethal control holds and handcuffs, the defendants DANIEL WOLFE, WOOJIN JUN, DANIEL GONZALEZ and DOES 1-10, inclusive, used or authorized the use of deadly force by beating Fermin Vincent Valenzuela, II with their batons, hands, elbows, fists, knees and a Taser gun and using the carotid artery technique to restrain Fermin Vincent Valenzuela, II.  Defendants also deployed their Taser guns, several times, at Fermin Vincent Valenzuela, II – striking him several times.

22.     Interactions between Fermin Vincent Valenzuela, II and Defendants DANIEL WOLFE, WOOJIN JUN, and DANIEL GONZALEZ were recorded on video.

23.     Interactions between Fermin Vincent Valenzuela, II and Defendants DANIEL WOLFE, WOOJIN JUN, and DANIEL GONZALEZ were recorded on Defendant Officer DANIEL WOLFE's body camera.

24.     Interactions between Fermin Vincent Valenzuela, II and Defendants DANIEL WOLFE, WOOJIN JUN and DANIEL GONZALEZ were recorded on Defendant Officer WOOJIN JUN's body camera.

FIRST AMENDED COMPLAINT

25. Interactions between Fermin Vincent Valenzuela, II and Defendants DANIEL WOLFE, WOOJIN JUN and DANIEL GONZALEZ were recorded on audio.

26. As a direct result of the physical altercation with defendants DANIEL WOLFE, WOOJIN JUN and DANIEL GONZALEZ alleged herein, Fermin Vincent Valenzuela, II, died.

27. Defendants actions caused Fermin Vincent Valenzuela, II to lose his life, and Plaintiff, FERMIN VINCENT VALENZUELA to lose his son.

28. The search and seizure and the use of deadly force was excessive and objectively unreasonable under the circumstances. Given that Fermin Vincent Valenzuela, II had not committed a crime was unarmed and given the nature and extent of the force used, the use of deadly force by defendants DANIEL WOLFE, WOOJIN JUN, DANIEL GONZALEZ and DOES 1-10 demonstrated a deliberate indifference to the health and safety of Fermin Vincent Valenzuela, II that shocks the conscience.

29. In doing the acts and omissions alleged in this Complaint, defendants pursued an unprivileged course of extreme and outrageous conduct directed at Fermin Vincent Valenzuela, II, with the intent to cause Fermin Vincent Valenzuela, II to suffer extreme terror, fear, shock, anxiety, mental anguish, despair and emotional distress. Defendants actions shock the conscience. Defendants committed these outrageous acts and omissions with the intent to terrorize Fermin Vincent Valenzuela, II, and place him in fear for his life and to experience other very highly unpleasant emotions.

30. Defendants DANIEL WOLFE, WOOJIN JUN, and DANIEL GONZALEZ and DOES 1-10, were present at the scene and intentionally and knowingly permitted the unprovoked and unjustified killing of Fermin Vincent Valenzuela, II by failing to prevent it when circumstances were such that they could.

31. Defendants DANIEL WOLFE, WOOJIN JUN, DANIEL GONZALEZ and DOES 1-10, inclusive, then conspired among themselves to justify their bad faith excessive use of force and hide the true cause of Fermin Vincent Valenzuela, II's death.

FIRST AMENDED COMPLAINT

32.     The aforesaid acts and omissions of defendants were done knowingly, intentionally and for the purpose of depriving Plaintiff, and Fermin Vincent Valenzuela, II of their constitutional rights in reckless and callous disregard of the same, and by reason thereof, plaintiffs claim exemplary and punitive damages against each individual defendant in an amount according to proof.

## FIRST CLAIM FOR RELIEF

### (Substantive Due Process – 42 U.S.C. § 1983)

### [Against defendants DANIEL WOLFE, WOOJIN JUN, DANIEL GONZALEZ and DOES 1 through 10, individually and as peace officer, inclusive]

33.     Plaintiff refers to and repleads each and every allegation contained in this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

34.     All actions alleged in this Complaint undertaken by Officer DANIEL WOLFE were undertaken under color of state law.

35.     All actions alleged in this Complaint undertaken by Officer WOOJIN JUN were undertaken under color of state law.

36.     All actions alleged in this Complaint undertaken by Officer DANIEL GONZALEZ were undertaken under color of state law.

37.     Fermin Vincent Valenzuela, II had a cognizable interest under the Fourth Amendment to be free from an unreasonable search of his person, an unreasonable seizure of his person, and to be free from the use of excessive force.

38.     Plaintiff FERMIN VINCENT VALENZUELA had a constitutionally protected liberty interest in the companionship and society of Fermin Vincent Valenzuela, II.

39.     As a direct and legal result of the unreasonable search and seizure and excessive force by defendants DANIEL WOLFE, WOOJIN JUN, DANIEL

7

FIRST AMENDED COMPLAINT

GONZALEZ and DOES 1-10 individually and as peace officer, inclusive, and their failure to intervene, as alleged elsewhere herein, Fermin Vincent Valenzuela, II died. Plaintiff FERMIN VINCENT VALENZUELA was thereby deprived of his constitutional right of familial relationship with his son Fermin Vincent Valenzuela, II.

40.    DANIEL GONZALEZ directed Defendants DANIEL WOLFE and WOOJIN JUN in the acts that deprived the decedent and Plaintiff of their rights. DANIEL GONZALEZ failed to act to prevent Defendants DANIEL WOLFE and WOOJIN JUN from committing acts that deprived the decedent and Plaintiff of their rights.  DANIEL GONZALEZ set in motion a series of acts by Defendants DANIEL WOLFE and WOOJIN JUN that he know or reasonably should have known would cause Defendants DANIEL WOLFE and WOOJIN JUN to deprive the decedent and Plaintiff of their rights.

41.    The conduct of Defendants DANIEL WOLFE, WOOJIN JUN, DANIEL GONZALEZ and DOES 1-10 individually and as peace officer, inclusive, violated Fermin Vincent Valenzuela, II's interest under the Fourth Amendment of the United States Constitution to be free from an unreasonable search of his person, an unreasonable seizure of his person, and to be free from the use of excessive force.

42.    The conduct of Defendants DANIEL WOLFE, WOOJIN JUN, DANIEL GONZALEZ, and DOES 1-10, as alleged herein, to use lethal force in the course of detaining and arresting an unarmed man, shocked the conscience and violated Plaintiff FERMIN VINCENT VALENZUELA's constitutionally protected liberty interest in the companionship and society of Fermin Vincent Valenzuela, II.

///

///

///

FIRST AMENDED COMPLAINT

## SECOND CLAIM FOR RELIEF

### (Custom, Policy & Practice – 42 U.S.C. § 1983)

**[Against Defendants CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT, RAUL QUEZADA, individually and as Police Chief, DOES 1 through 10, inclusive]**

43.     Plaintiff refers to and repleads each and every allegation contained in this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

44.     Plaintiffs are informed and believe and thereon allege that at the time of the incident alleged above, as well as prior and subsequent thereto, the police officer training and policies of Defendants CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT Chief of Police RAUL QUEZADA, and DOES 1-10, inclusive, to detain and arrest unarmed suspects were not adequate to prevent use of excessive force and were inadequate to handle the usual and recurring situations with which Defendants CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT Chief of Police RAUL QUEZADA, and DOES 1-10, police officers must deal;

45.     The carotid artery restraint technique has been banned by police departments around the country because it poses a high and unpredictable risk of serious injury or death.  Chokeholds are intended to bring a subject under control by causing pain and rendering him unconscious.  Depending on the position of the officer's arm and the force applied, the victim's voluntary or involuntary reaction, and his state of health, an officer may inadvertently crush the victim's larynx, trachea, or thyroid.  The result may be death caused by either cardiac arrest or asphyxiation.  Following a well publicized series of choking deaths, the Los Angeles Police Department banned the carotid artery restraint technique in 1980 and the New York Police Department banned it in 1993.

FIRST AMENDED COMPLAINT

46.     Defendants CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT Chief of Police RAUL QUEZADA, and DOES 1-10, policy permits ANAHEIM POLICE DEPARTMENT officers to use the carotid artery restraint technique.

47.     As a direct and legal result of the use of the carotid artery restraint technique Fermin Vincent Valenzuela, II died.

48.     Plaintiffs are informed and believe and thereon allege that prior to the incident alleged above, the Defendants CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT Chief of Police RAUL QUEZADA, and DOES 1-10, knew from, among other things, the "Kelly Thomas" incident, that its police officer training and polices regarding the use of force to detain and arrest unarmed suspects was inadequate and led to constitutional injury, physical injury and death.

49.     The Defendants CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT Chief of Police RAUL QUEZADA, and DOES 1-10, were deliberately indifferent to the substantial risk that their policies were inadequate to prevent violations of law by their police officers and deliberately indifferent to the obvious consequences of their failure to train their police officers adequately.

50.     The failure of Defendants CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT Chief of Police RAUL QUEZADA, and DOES 1-10, to prevent violations of law by its employees, to provide adequate training, and to establish adequate policies, caused the deprivation of the plaintiff's rights by the Defendants CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT Chief of Police RAUL QUEZADA, and DOES 1-10, police officers.  That is, the defendant's failure to prevent violations of law by its employees, to train and to provide adequate policies is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

///

///

FIRST AMENDED COMPLAINT

# **PRAYER FOR RELIEF**

Plaintiff prays for judgment on all causes of action against defendants, and each of them, as follows:

1.  For general damages in a sum according to proof;

2.  For special damages according to proof;

3.  For interest on all economic damages in the legal amount from July 2, 2016 to the date of judgment;

4.  For punitive damages and treble damages as provided by law against each individual defendant;

5.  For attorney's fees pursuant to 42 U.S.C. § 1988;

6.  For costs of suit incurred herein; and

7.  For such other and further relief as the court may deem proper.

Dated:  October 16, 2017                    THE LINDE LAW FIRM

By: _/s/ Douglas A/ Linde_____
Douglas A. Linde
Erica A. Gonzales
*Attorney for Plaintiff*


# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the Constitution.

Dated:  October 16, 2017                    THE LINDE LAW FIRM

By: _/s/ Douglas A/ Linde_____
Douglas A. Linde
Erica A. Gonzales
*Attorney for Plaintiff*

FIRST AMENDED COMPLAINT