1   **ROBERT FABELA, CITY ATTORNEY**
    **MOSES W. JOHNSON, IV – State Bar No. 118769**
2   **Assistant City Attorney**
    **200 S. Anaheim Boulevard, Suite 356**
3   **Anaheim, CA  92805**
    **(714) 765-5169 / (714) 765-5123 [Fax]**
4   **mjohnson@anaheim.net**

5   **STEVEN J. ROTHANS – State Bar No. 106579**
    **JILL WILLIAMS – State Bar No. 221793**
6   **CARPENTER, ROTHANS & DUMONT LLP**
    **500 S. Grand Avenue, 19th Floor**
7   **Los Angeles, CA  90071**
    **(213) 228-0400 / (213) 228-0401 [Fax]**
8   **srothans@crdlaw.com / jwilliams@crdlaw.com**

9   Attorneys for Defendants

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

| 13  FERMIN VINCENT VALENZUELA | ) | Case No. SACV17-00278 CJC (DFMx) |
|---|---|---|
| 14              Plaintiff, | ) | **OPPOSITION TO PLAINTIFFS'** |
| 15              vs. | ) | **MOTION IN LIMINE #9 TO PROHIBIT DEFENDANTS FROM** |
| 16  CITY OF ANAHEIM, an entity; CITY | ) | **CLAIMING THAT NOBODY HAS EVER BEEN INJURED BY THE** |
| OF ANAHEIM POLICE | ) | **ANAHEIM POLICE** |
| 17  DEPARTMENT; RAUL QUEZADA, | ) | **DEPARTMENT'S USE OF THE** |
| individually and as Chief of Police; | ) | **CAROTID RESTRAINT HOLD** |
| 18  DANIEL WOLFE; WOOJIN JUN and | ) | **BEFORE; MEMORANDUM OF** |
| Does 1 through 10, individually as | ) | **POINTS AND AUTHORITIES IN** |
| 19  peace officers, inclusive, | ) | **SUPPORT THEREOF** |
| | ) | |
| 20              Defendants. | ) | **Plaintiffs' Motion in Limine #9** |
| | ) | |
| 21  _____ | ) | Date:  March 25, 2019 |
| AND ALL RELATED ACTIONS. | ) | Time:  3:00 p.m. |
| 22  | ) | Location:  7C |
| | ) | |
| 23  | ) | Discovery Cut-Off: November 23, 2018 |
| | ) | Pre-Trial Conf.: March 25, 2019 |
| 24  | ) | Trial: April 2, 2019 |
| _____ | ) | |

25

26         COME NOW Defendants City of Anaheim, Sergeant Daniel Gonzalez,

27  Officer Woojin Jun and Officer Daniel Wolfe, and hereby submit the following

28  memorandum of points and authorities in opposition to Plaintiffs' motion in limine

1   to prohibit defendants from claiming that nobody has ever been injured by the

2   Anaheim Police Department's use of the carotid restraint control hold before.

3

4   DATED:   March 4, 2019          CARPENTER, ROTHANS & DUMONT

5                                                     /s/  Jill Williams

6                                           By: _____

7                                                     Steven J. Rothans

8                                                     Jill Williams
                                                      Attorneys for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #9

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The plaintiffs have asserted a claim against the City that it had a custom, practice and policy that led to a violation of Valenzuela's civil rights and will argue that the technique should be banned by the APD or should be limited to circumstances where deadly force would be appropriate.  In their Motion for Leave to Amend, the plaintiffs also seek to add a claim against the City for failure to train, which would require that they prove that the City / APD was "deliberately indifferent" to the training needs of its officers.  See City of Canton v. Harris, 489 U.S. 378 (1989).

In their Motion in Limine #9, the plaintiffs seek to exclude evidence that is directly relevant to the City's defense of these claims, evidence that prior to Valenzuela, no person had been injured by an Anaheim Police Department officer's use of the carotid restraint control hold.  The plaintiffs cite no case law to support their motion.  Moreover, the plaintiffs do not even come close to meeting their initial high burden of justifying exclusion under Federal Rule of Evidence, Rule 403.  Finally, the plaintiffs' argument that defendants will not be able to present evidence regarding lack of prior injury is nonsense.  This lack of injury was testified to by APD's person most qualified as to the issue of the carotid restraint control hold.  See MSJ Sep. Stmt. Fact 113 (Doc. 88-1).  And, it is the plaintiffs who bear the burden of proof.  If the plaintiffs believe there is evidence of prior injuries, it is their burden to provide that evidence to the jury.

### II.   ARGUMENT

**A.   Evidence That No Person Prior To Valenzuela Has Been Injured By An APD Officer's Use Of The Carotid Restraint Hold Is Relevant And Admissible.**

Evidence is relevant if "it has **any** tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in

- 1 -

1   determining the action." FED. R. EVID. 401.  Here, evidence that no person prior to

2   Valenzuela had been injured by an APD officer's use of the carotid restraint hold is

3   extremely relevant to counter the plaintiffs' argument that the City and/or APD

4   was deliberately indifferent to training needs of its officers or that they should have

5   been on notice of a need to change their policies or training.

6       To establish a claim for failure to train against the City and/or APD (if the

7   Court grants the plaintiffs leave to amend), the plaintiffs would have to establish

8   that the APD was "deliberately indifferent" to the training needs of police officers.

9   City of Canton, 489 U.S. 378.  Deliberate indifference is a stringent standard

10  requiring "proof that a municipal actor disregarded a known or obvious

11  consequence of his action." Connick v. Thompson, 563 U.S. 51, 61 (2011).  There

12  must exist a "'conscious' or 'deliberate' choice on the part of a municipality in

13  order to prevail on a failure to train claim." Flores v. County of Los Angeles, 758

14  F.3d 1154, 1158 (9th Cir. 2014).  Essentially, the plaintiffs must prove that the

15  City / APD was on notice that there was some type of deficiency in the APD's

16  training of officers on the use of the carotid restraint hold and that that deficiency

17  caused a violation of Valenzuela's civil rights.  Connick, 563 U.S. at 61.  Surely, if

18  there were evidence that, prior to Valenzuela, numerous other individuals had been

19  injured by APD officers using the carotid restraint control hold, the plaintiffs

20  would highlight that evidence and argue that the evidence establishes that APD

21  was deliberately indifferent.

22      Furthermore, the lack of prior injuries supports the defendants' argument

23  that a reasonable officer would have believed that he could have used the carotid

24  restraint control hold under the circumstances faced by Officers Wolfe and Jun.

25  This inquiry is relevant to any excessive force analysis and to a qualified immunity

26  analysis.

27

28

OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #9

**B.** **Evidence Concerning Lack of Prior Injury in the Use of the Carotid Restraint Hold Cannot Not Be Excluded Under Federal Rule of Evidence, Rule 403.**

The plaintiffs argue that the evidence should be excluded under Federal Rules of Evidence, Rule 403, but rely on conclusory, non-factual argument. As discussed above, evidence concerning lack of prior injury by an APD officer's use of the carotid restraint hold is highly relevant to the plaintiffs' <u>Monell</u> claim against the City and/or APD and, if the Court grants their Motion for Leave to Amend, a claim for failure to train.

Thus, because the evidence is highly relevant, the plaintiffs must meet a very high burden to evoke Rule 403. They cannot meet that burden here. Under Rule 403, evidence may only be excluded if "its probative value is *substantially* outweighed by the danger of . . . *unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence*." FED. R. EVID. 403 (emphasis added); <u>see also</u> <u>United States v. Mende</u>, 43 F.3d 1298, 1302 (9th Cir. 1995). Plaintiffs rely on almost all of these grounds for exclusion, but do not explain how they apply to this case.

Rule 403 is "an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence." <u>United States v. Patterson</u>, 819 F.2d 1495, 1505 (9th Cir.1987) (internal quotations omitted). Unfair Prejudice requires a showing that the evidence would cause "a genuine risk exists of inflaming the jury to irrational behavior." <u>United States v. Nguyen</u>, 997 F. Supp. 1281, 1297 (C.D. Cal. 1998). There is no risk that the jury would be inflamed to irrational behavior if presented evidence that there were no prior injuries from the use of the carotid restraint hold.

Equally, the fact that there have been no injuries to a suspect prior to Valenzuela by an APD officer's use of the carotid restraint hold is a straightforward fact that will not confuse the jury or waste time. This is evidence

OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #9

the jury needs to assess whether the APD's policy or training was reasonable or if they should have been on notice of the need to change.

The plaintiffs do not even attempt to explain why the evidence should be excluded in the motion.  Instead, they simply ask the court to exclude any evidence that might harm their case, with or without justification.

**IV.    <u>CONCLUSION</u>**

Based on the foregoing, Defendants respectfully request that this Court deny Plaintiffs' Motion in Limine #9 to prohibit defendants from claiming that nobody has been injured by the Anaheim Police Department's use of the Carotid Restraint Hold before the incident.


DATED:   March 4, 2019          CARPENTER, ROTHANS & DUMONT


                                                  /s/  Jill Williams
                                     By:  _____
                                           Steven J. Rothans
                                           Jill Williams
                                           Attorneys for Defendant

OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #9