Garo Mardirossian, Esq., #101812 (garo@garolaw.com)
Lawrence D. Marks, Esq., #153460 (Lmarks@garolaw.com)
**MARDIROSSIAN & ASSOCIATES, INC.**
*A Professional Law Corporation*
6311 Wilshire Boulevard
Los Angeles, CA  90048-5001
(323) 653-6311; (323) 651-5511 FAX
Attorneys for Plaintiffs VINCENT VALENZUELA
and XIMENA VALENZUELA

Douglas A. Linde, SBN 217584 (dal@lindelaw.net)
Erica Allen Gonzales, SBN 234922 (eag@lindelaw.net)
**THE LINDE LAW FIRM**
6701 Center Drive West, Suite 610
Los Angeles, California   90045
(310) 203-9333; (310) 203-9233 FAX
Attorneys for Plaintiff FERMIN VINCENT VALENZUELA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERMIN VINCENT VALENZUELA, individually, VINCENT VALENZUELA and XIMENA VALENZUELA, by and through their Guardian, PATRICIA GONZALEZ, individually and as successors-in-interest of FERMIN VINCENT VALENZUELA, II, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANAHEIM; ANAHEIM POLICE DEPARTMENT, public entities; DANIEL WOLFE, WOOJIN JUN, DANIEL GONZALEZ, and DOES 1 through 50, individually and as a peace officers, inclusive,<br><br>Defendants. | Civil Action No.: SACV 17-00278-CJC (DFMx) consolidated with SACV17-02094 CJC (DFMx)<br><br>**SECOND AMENDED COMPLAINT**<br><br>**1. Civil Rights Violations – Excessive Force Under Color of Law  (42 U.S.C. § 1983)**<br>**2. Civil Rights Violations – Substantive Due Process  (42 U.S.C. § 1983)**<br>**3. Unlawful Custom, Policy, Practice, Training and Supervision (42 U.S.C § 1983)**<br>**4. Wrongful Death (Civ. Proc. Code § 377.60(b))**<br>**5. Violation of California Civil Rights Act (Cal. Civil Code §51.7, 52.1)**<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs FERMIN VINCENT VALENZUELA, individually,

VINCENT VALENZUELA and XIMENA VALENZUELA, by and through their Guardian,

PATRICIA GONZALEZ, individually and as successors-in-interest of FERMIN VINCENT

VALENZUELA, II, deceased, and allege against defendants CITY OF ANAHEIM,

1  ANAHEIM POLICE DEPARTMENT, DANIEL WOLFE, WOOJIN JUN, and DANIEL
2  GONZALEZ, individually and as a peace officers, inclusive, as follows:

### JURISDICTION AND VENUE

3      1.      This civil action is brought for the redress of alleged deprivations of
4  constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth
5  and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on
6  28 U.S.C. §§ 1331, 1343, and 1367.

7      2.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because defendants
8  reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the
9  County of Orange, California.

### PARTIES

10     3.      At all relevant times, decedent, FERMIN VINCENT VALENZUELA, II,
11 (hereinafter, "VINCENT"), was a Hispanic American individual residing in County of
12 Orange, California.

13     4.      At all relevant times, Plaintiff, FERMIN VINCENT VALENZUELA, was
14 an individual residing in County of Orange, California, and was the father of Fermin
15 Vincent Valenzuela II.

16     5.      Plaintiffs VINCENT VALENZUELA and XIMENA VALENZUELA by and
17 through their Guardian, PATRICIA GONZALEZ, were and are Hispanic American citizens
18 of the United States, residing in County of Orange, State of California, and are the children
19 of decedent, VINCENT. Plaintiffs FERMIN VINCENT VALENZUELA, VINCENT
20 VALENZUELA and XIMENA VALENZUELA were dependent upon decedent at the time
21 of decedent's death for the necessaries of life, including but not limited to support that aided
22 plaintiffs in obtaining the things, such as shelter, clothing, food and medical treatment,
23 which one cannot and should not do without.

24     6.      At all times herein mentioned, defendant CITY OF ANAHEIM was and is a
25 public entity duly organized and existing as such under the laws of and in the State of
26 California.

- 2 -
_____

**SECOND AMENDED COMPLAINT**

7.      Defendant ANAHEIM POLICE DEPARTMENT is an agency of Defendant CITY OF ANAHEIM and Defendant CITY OF ANAHEIM is a "person" subject to suit within the meaning of 42 U.S.C. § 1983 under *Monell v. Dept. of Social Services*, (1978) 436 U.S. 658, 691.  Under California Government Code § 815.2(a), Defendant CITY OF ANAHEIM is liable for any and all wrongful acts hereinafter complained of committed by any of the individual officer defendants.

8.      Plaintiffs are informed and believe and on that basis allege that defendant DANIEL WOLFE (hereinafter, "WOLFE") was, at all relevant times, a resident of the County of Orange, State of California; and was, at all relevant times, an employee, acting within his course and scope of his employment with ANAHEIM POLICE DEPARTMENT, an agency of the CITY OF ANAHEIM.

9.      Plaintiffs are informed and believe and on that basis allege that defendant WOOJIN JUN (hereinafter, "JUN") was, at all relevant times, a resident of the County of Orange, State of California; and was, at all relevant times, an employee, acting within his course and scope of his employment with ANAHEIM POLICE DEPARTMENT, an agency of the CITY OF ANAHEIM.

10.     Plaintiffs are informed and believe and on that basis allege that defendant DANIEL GONZALEZ (hereinafter, "GONZALEZ") was, at all relevant times, a resident of the County of Orange, State of California; and was, at all relevant times, an employee, acting within his course and scope of his employment with ANAHEIM POLICE DEPARTMENT, an agency of the CITY OF ANAHEIM.

11.     At all times herein mentioned, each and every defendant herein had the legal duty to oversee and supervise the hiring, conduct, employment and discipline of each and every other defendant herein.

12.     Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

- 3 -

**SECOND AMENDED COMPLAINT**

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13.  Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 12 of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

14.  The incidents complained of occurred near the intersection of Broadway and Magnolia Avenue in the City of Anaheim, State of California.  The incident was recorded on video and audio.

15.  On July 2, 2016 at approximately 9:15 a.m. Plaintiffs' father, VINCENT, a resident of the City of Anaheim, was encountered by defendants DANIEL WOLFE, WOOJIN JUN, DANIEL GONZALEZ, and ANAHEIM POLICE DEPARTMENT.

16.  On information and belief, VINCENT had not committed any crime and Defendants had no information that VINCENT had committed a felony.

17.  At all relevant times, VINCENT was unarmed and posed no imminent threat of death or serious physical injury to defendants, or to any other person.

18.  On July 2, 2016, Defendant WOLFE never saw VINCENT holding a weapon.

19.  On July 2, 2016, Defendant JUN never saw VINCENT holding a weapon.

20.  On July 2, 2016, Defendant GONZALEZ never saw VINCENT holding a weapon.

21.  On information and belief, at all times material hereto, defendants WOLFE, JUN, and GONZALEZ believed that VINCENT was mentally ill and was homeless. Despite their belief as well as their awareness that its police officers had daily encounters with the mentally ill and homeless population in its city, the defendants failed to obtain, provide and utilize resources available to it in order to properly train its police officers, including the individual defendant officers, on how to deal with persons who are believed to be homeless and with mental illness during encounters with police.

22.  Defendants DANIEL WOLFE, WOOJIN JUN, and DANIEL GONZALEZ, inclusive, under color of authority, used excessive force upon VINCENT with their batons,

- 4 -

**SECOND AMENDED COMPLAINT**

hands, elbows, fists, knees and a Taser gun.  Defendants also deployed their Taser guns, several times, at VINCENT – striking him several times.  Defendants WOLFE and JUN also used a neck hold to restrain VINCENT.  Defendant GONZALEZ gained and maintained control of VINCENT's right arm while Defendant JUN gained and maintained control of VINCENT's left arm and Defendant WOLFE held VINCENT by the neck. Even though the officers outnumbered VINCENT, even though the officers and had control of both of his arms, even though the officers had far less harmful means of subduing VINCENT at their disposal, even though Defendants WOLFE and JUN knew the neck hold was restricting air and/or blood from passing through VINCENT's neck, and even though Defendants WOLFE and JUN knew the neck hold carries with it the risk of severe injury or death, Defendant WOLFE used and continued to use the neck hold until VINCENT was asphyxiated and even thereafter.

23.     On information and belief, defendants' actions were substantially motivated by VINCENT's indigent and homeless status, his disabilities, including his mental disabilities, as well as his color, race and ancestry.

24.     Defendant SERGEANT DANIEL GONZALEZ oversaw, supervised and approved Defendants WOLFE and JUN's use of force.  Specifically, Defendant GONZALEZ gained and maintained control of VINCENT's right arm while Defendant JUN gained and maintained control of VINCENT's left arm and Defendant WOLFE held VINCENT by the neck. Even though the officers outnumbered VINCENT, even though the officers and had control of both of his arms, even though the officers had far less harmful means of subduing VINCENT at their disposal, even though Defendant GONZALEZ knew the neck hold was restricting air and/or blood from passing through VINCENT's neck, and even though Defendant GONZALEZ knew the neck hold carries with it the risk of severe injury or death, Defendant GONZALEZ advised Defendant WOLFE to use and to continue to use the neck hold until VINCENT was asphyxiated and even thereafter.  During this time Defendant GONZALEZ gave Defendant WOLFE instruction on how to properly administer

- 5 -

**SECOND AMENDED COMPLAINT**

the neck hold, so as to more certainly asphyxiate VINCENT.  Through the foregoing actions, Defendant GONZALEZ directed his subordinate(s) in the acts that deprived VINCENT of his rights; Defendant GONZALEZ set in motion a series of acts by his subordinate(s) that he knew or reasonably should have known would cause the subordinate(s) to deprive VINCENT of his rights and Defendant GONZALEZ knew, or reasonably should have known, that his subordinate(s) were engaging in these acts and Defendant GONZALEZ failed to act to prevent the subordinate(s)'s actions.

25.     Even though VINCENT could have been restrained with the use of less than lethal control holds and handcuffs, the defendants WOLFE, JUN, and GONZALEZ, inclusive, used or authorized the use of deadly force by using the neck hold to restrain VINCENT, while they outnumbered him and had both his left and right arms under control. Defendants WOLFE, JUN also beat VINCENT with their batons, hands, elbows, fists, knees and a Taser gun to restrain VINCENT.

26.     As a direct result of the physical altercation with defendants WOLFE, JUN and GONZALEZ alleged herein, VINCENT died.

27.     Defendants' actions caused VINCENT to lose his life and Plaintiffs to lose their father.

28.     VINCENT did not die immediately, but he was in respiratory distress when paramedics transported him to West Anaheim Medical Center for medical treatment, where he remained hospitalized until his death on July 10, 2016.

29.     The search and seizure and the use of deadly force was excessive and objectively unreasonable under the circumstances. The use of deadly force by defendants WOLFE, JUN, and GONZALEZ demonstrated a deliberate indifference to the health and safety of VINCENT that shocks the conscience.

30.     In doing the acts and omissions alleged in this Complaint, Defendants pursued an unprivileged course of extreme and outrageous conduct directed at VINCENT with the

- 6 -
SECOND AMENDED COMPLAINT

intent to cause VINCENT to suffer extreme terror, fear, shock, anxiety, mental anguish, despair and emotional distress.  Defendants' actions shock the conscience.

31.     Defendants WOLFE, JUN, and GONZALEZ were present at the scene and intentionally and knowingly permitted the unprovoked and unjustified killing of VINCENT by failing to prevent it when circumstances were such that they could have done so.

32.     Defendants WOLFE, JUN, and GONZALEZ, inclusive, then conspired among themselves to justify their bad faith excessive use of force and hide the true cause of VINCENT's death.

33.     These acts of defendants constituted excessive and deadly force which caused plaintiffs special and general damages, physical injuries and extreme emotional distress. Further the acts of defendants WOLFE, JUN, and GONZALEZ, individually and as a peace officer, inclusive, deprived plaintiffs and VINCENT of rights secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that defendants deprived VINCENT of his right to be free in his person against unreasonable search and seizure, his right to be free from excessive force during detention or arrest, his right to be free from infliction of cruel and unusual punishment, and his right not to be deprived of life, liberty and property without due process of law.

34.     At all times herein mentioned defendants were acting under the color of one or more statutes, laws, regulations, customs, practices and usages of the State of California, County of Orange, the City of Anaheim, and the Anaheim Police Department.

35.     The aforesaid acts and omissions of defendants were done knowingly, intentionally and for the purpose of depriving plaintiffs and VINCENT of their constitutional rights in reckless and callous disregard of the same, and by reason thereof, plaintiffs claim exemplary and punitive damages against each individual defendant (and not against defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT) in an amount according to proof.

///
///

**SECOND AMENDED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CLAIM FOR RELIEF

### (Violation of Civil Rights – Excessive Force Under
### Color of Law, 42 U.S.C. § 1983)
**[Plaintiffs VINCENT VALENZUELA and XIMENA VALENZUELA, by and through their Guardian, PATRICIA GONZALEZ, individually Against Defendants DANIEL WOLFE, WOOJIN JUN, AND DANIEL GONZALEZ, individually and as peace officers, inclusive].**

36.    Plaintiffs VINCENT VALENZUELA and XIMENA VALENZUELA, by and through their Guardian, PATRICIA GONZALEZ, individually refer to and replead each and every allegation contained in Paragraphs 1 through 35, inclusive, set forth above, and by this reference incorporate the same herein and make each allegation a part hereof.

37.    All actions alleged herein were undertaken by Defendant DANIEL WOLFE as a police officer under color of State law.

38.    All actions alleged herein were undertaken by Defendant WOOJIN JUN as a police officer under color of State law.

39.    All actions alleged herein were undertaken by Defendant DANIEL GONZALEZ as a police officer under color of State law.

40.    Decedent VINCENT had a cognizable interest under the Fourth Amendment of the United States Constitution to not be subjected to excessive force while being detained or arrested by Defendants WOLFE, JUN and GONZALEZ, and Plaintiffs herein had a cognizable right under the Fourteenth Amendment of the United States Constitution to be free from unwarranted State intervention in Plaintiffs' familial relationship with VINCENT.

41.    On July 2, 2016, and prior thereto, Plaintiffs were dependent upon VINCENT for the necessities of life including, but not limited to, support that aided Plaintiffs in obtaining shelter, clothing, food, medical treatment and other necessities that one cannot and should not do without.

42.    On July 2, 2016, Defendants WOLFE and JUN each intentionally restrained decedent VINCENT by imposing violent and prolonged compression on the airway, preventing him from breathing by obstructing his airway, causing acute hemorrhage around

- 8 -
SECOND AMENDED COMPLAINT

the muscles of decedent VINCENT's neck, causing fracture of his hyoid bone, and causing decedent VINCENT to suffer asphyxiation and brain death. Defendant GONZALEZ was present in a supervisory capacity while Defendant WOLFE was applying to decedent GONZALEZ a neck hold that was causing decedent VINCENT to suffer asphyxiation and brain death, and Defendant GONZALEZ intentionally failed to intervene, failed to prevent Defendant WOLFE from causing decedent VINCENT to suffer asphyxiation and brain death, and repeatedly instructed Defendant WOLFE to, "Hold that choke."

43.    The lethal force applied to decedent by Defendants WOLFE and JUN, which Defendant GONZALEZ supervised, encouraged and failed to prevent, was in excess of the amount of force a reasonable police officer would have used under similar circumstances.

44.    These acts and omissions of Defendants WOLFE, JUN and GONZALEZ violated the rights of decedent VINCENT under the Fourth Amendment of the United States Constitution to not be subjected to excessive force while being detained or arrested and deprived Plaintiffs of their rights under the Fourteenth Amendment of the United States Constitution of familial relationship with VINCENT.

45.    As a direct and legal result of the acts and omissions of Defendants WOLFE, JUN, and GONZALEZ, and each of them, as police officers under color of law, Plaintiffs have suffered extreme and severe mental anguish and pain and have been injured in mind and body, and have further been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance of VINCENT. Plaintiffs also claim funeral and burial expenses and loss of financial support.

46.    The conduct of Defendants WOLFE, JUN, and GONZALEZ was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs, and of decedent VINCENT, and therefore warrants imposition of exemplary damages.

///
///
///

- 9 -

**SECOND AMENDED COMPLAINT**

## SECOND CLAIM FOR RELIEF

### (Substantive Due Process – 42 U.S.C. § 1983)

### [All Plaintiffs Against defendants DANIEL WOLFE, WOOJIN JUN, and DANIEL GONZALEZ, individually and as peace officer, inclusive]

47.    Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 46 of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

48.    All actions alleged in this Complaint undertaken by Defendant WOLFE were undertaken under color of state law.

49.    All actions alleged in this Complaint undertaken by Defendant JUN were undertaken under color of state law.

50.    All actions alleged in this Complaint undertaken by Defendant GONZALEZ were undertaken under color of state law

51.    VINCENT and Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familiar relationship with VINCENT.

52.    Plaintiffs were dependent upon VINCENT at the time of decedent's death for the necessaries of life, including but not limited to support that aided plaintiffs in obtaining the things, such as shelter, clothing, food and medical treatment, which one cannot and should not do without.

53.    VINCENT had a cognizable interest under the Due Process Clause of the 14th Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

54.    As a direct and legal result of the unreasonable search and seizure and excessive force by defendants WOLFE, JUN, and GONZALEZ, and failure to intervene,

- 10 -
_____
**SECOND AMENDED COMPLAINT**

1  VINCENT died. Plaintiffs were thereby deprived of their constitutional right of familiar
2  relationship with VINCENT.

3      55.    Defendant GONZALEZ directed Defendants WOLFE and JUN in the acts that
4  deprived VINCENT and Plaintiff of their rights.  Defendant GONZALEZ failed to act to
5  prevent defendants WOLFE and JUN from committing acts that deprived VINCENT and
6  Plaintiffs of their rights.  Defendant GONZALEZ set in motion a series of acts by
7  Defendants WOLFE and JUN that he know or reasonably should have known would cause
8  defendants WOLFE and JUN to deprive VINCENT and Plaintiff of their rights.

9      56.    Defendants WOLFE, JUN, and GONZALEZ, violated the 14th Amendment
10  right of plaintiffs to be free from unwarranted interference with the familial relationship
11  with VINCENT.

12      57.    The above described actions of Defendants WOLFE, JUN, and GONZALEZ,
13  individually and as peace officer, inclusive, along with other undiscovered conduct, shock
14  the conscience, in that they acted with deliberate indifference to the constitutional rights of
15  plaintiffs and VINCENT. Defendants further acted with purpose to harm unrelated to and
16  unjustified by any legitimate law enforcement objective, in that Defendants were acting to
17  retaliate against VINCENT, among other things, their belief that VINCENT resisted them,
18  physically responded to them, and attempted to evade them.

19      58.    As a direct result and legal result of the acts of defendants WOLFE, JUN, and
20  GONZALEZ, individually and as peace officers, inclusive, Plaintiffs suffered extreme and
21  severe mental anguish and pain, have been injured in mind and body, and have been
22  deprived of the life-long love, companionship, comfort, support, society, care and
23  sustenance of VINCENT. Plaintiffs also claim funeral and burial expenses and a loss of
24  financial support.

25      59.    The conduct of defendants WOLFE, JUN, and GONZALEZ, individually and
26  as peace officer, inclusive was willful, wanton, malicious, and done with reckless disregard
27  for the rights and safety of Plaintiffs and VINCENT, and therefore warrants the imposition
28  of exemplary and punitive damages.

- 11 -

**SECOND AMENDED COMPLAINT**

### THIRD CLAIM FOR REILEF

**(Unlawful Custom, Policy, Practice, Training and Supervision -- 42 U.S.C. § 1983)**

**[All Plaintiffs Against Defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT]**

60.     Plaintiffs refer to and replead each and every allegation contained in Paragraphs  1 through 59, inclusive, set forth above, and by this reference incorporate the same herein and make each allegation a part hereof, including the allegations that the actions of defendants WOLFE, JUN, and GONZALEZ, deprived the decedent of his rights under the United States Constitution and that these CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT officers acted under color of state law.

61.     The training policies of the defendant CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT with respect to the carotid restraint were not adequate to prevent violations of law by its employees, and CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT did not train its police officers with respect to the carotid restraint to handle the usual and recurring situations with which they must deal.   This includes but is not limited to:

a. Permitting CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT officers to use the carotid restraint hold, a hold that can turn into a fatal chokehold if improperly applied, while, at the same time, failing to adequately train CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT officers using the carotid restraint hold as to how to keep from choking suspects.

b. Allowing its officers to use the carotid restraint hold while, at the same time, training officers in a manner which uses the terms "carotid restraint hold" and "choke hold" interchangeably, which can be misinterpreted by and/or lead to confusion amongst CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT officers about which hold to apply, thereby exposing members of the public, including decedent VINCENT, to asphyxiation and brain death under circumstances in which use of deadly force is not reasonable.

- 12 -

**SECOND AMENDED COMPLAINT**

c.  Allowing its officers to use the carotid restraint hold while, at the same time, failing to adequately train its officers to recognize that a suspect's airway is being cut off, including recognizing signs such as the suspect's face turning purple, wheezing and/or difficulty breathing during application of a neck hold on that suspect.

d.  Failing and refusing to adopt the needed policy recommendation of Defendant CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT's own Office of Independent Review that a carotid restraint hold should be used only when deadly force is objectively reasonable under the totality of the circumstances;

e.  Contrary to the recommendation of the Office of Independent Review, encouraging Defendant CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT officers to use a carotid restraint hold as a force option whenever a member of the public resists detention or arrest;

f.  Failing to adequately supervise and control CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT officers known, or who reasonably should have been known, to be using unnecessary or excessive force.

62.     Defendant CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT was deliberately indifferent to the substantial risk that its carotid restraint hold policies were inadequate to prevent violations of law by its employees, and to the known or obvious consequences of its failure to adequately train its police officers with respect to the carotid restraint hold.

63. The failure of the defendant CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT to prevent violations of law by its employees, and to provide adequate training, caused the deprivation of the plaintiff's rights by the defendants WOLFE, JUN, and GONZALEZ; that is, the defendant's failure to adequately train and to prevent violations of law by its employees is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

64.     Prior to July 2, 2016, in rejecting the recommendation of their Office of

- 13 -

**SECOND AMENDED COMPLAINT**

Independent Review that a carotid restraint hold should not be used unless deadly force is necessary, Defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT had actual knowledge that any neck hold which compresses the airway and obstructs breathing will immediately cause the subject to panic and resist intensively before suffering asphyxiation and brain death. The California Commission on Peace Officer Standards and Training, Domain 33, Arrest and Control, Version 4.1, page 4-10, provides that: "Choke holds create the potential for a subject to panic and react with greater resistance when pressure is applied in this manner by a police officer." Defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT further knew from, among other things, the "Kelly Thomas" incident, that inadequate policies and police officer training and supervision regarding the use of force to detain or arrest unarmed suspects lead to constitutional injury, physical injury and death.

65.    The policies of Defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT, ignoring the recommendation of their Office of Independent Review regarding the use of neck holds and encouraging neck holds as a force option, coupled with the policies of Defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT to inadequately train their police officers, and to inadequately supervise their police officers, amounted to a deliberate indifference to the highly predictable fact that these policies would result in violation of rights accorded by the Fourth and Fourteenth Amendments of the United States Constitution.

66.    By reason of the aforesaid acts and omissions of defendants, plaintiffs were required to and did retain an attorney to institute and prosecute the within action and to render legal assistance to plaintiff in order that he may vindicate the loss and impairment of rights and by reason thereof, plaintiff requests payment by defendants of wrongful death damages and a reasonable sum for attorneys fees.

///

///

- 14 -

**SECOND AMENDED COMPLAINT**

## FOURTH CLAIM FOR RELIEF

### (Wrongful Death – Civ. Proc. Code § 377.60(b))

**[VINCENT VALENZUELA and XIMENA VALENZUELA, by and through their Guardian, PATRICIA GONZALEZ, individually and as successors-in-interest of FERMIN VINCENT VALENZUELA, II, deceased, Against CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT, DANIEL WOLFE, WOOJIN JUN, and DANIEL GONZALEZ, individually and as peace officers]**

67. Plaintiffs VINCENT VALENZUELA and XIMENA VALENZUELA, by and through their Guardian, PATRICIA GONZALEZ, individually, individually and as successors-in-interest of FERMIN VINCENT VALENZUELA, II, deceased, refer to and replead each and every allegation contained in paragraphs 1 through 66 of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

68. On July 19, 2016, plaintiffs presented to defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT a Government Claim based on the acts, omissions, damages and injuries herein complained of.  Defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT failed to act on the claim within the period of 45 days after its presentation.  In that defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT never responded to this Claim, this complaint is timely.

69. Plaintiffs bring this action for wrongful death pursuant to the provisions of Code of Civil Procedure § 377.60(b) in that, at the time of decedent VINCENT's death, Plaintiffs were dependent upon decedent for the necessaries of life, including but not limited to support that aided plaintiffs in obtaining the things, such as shelter, clothing, food and medical treatment, which one cannot and should not do without.

70. At or about the aforementioned time, date and place, defendants WOLFE, JUN, and GONZALEZ, individually and as a peace officer, intentionally, negligently and recklessly killed VINCENT thereby depriving decedent of his life without due process of law in violation of his Constitutional rights under the First, Fourth and Fourteenth Amendments and the Constitution of the State of California.

**SECOND AMENDED COMPLAINT**

71.     On and for some time before July 2, 2016, defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT, individually and as a peace officer, inclusive, and each of them, negligently and carelessly employed, retained, trained, supervised, assigned, controlled and negligently and carelessly failed to adequately discipline Defendants WOLFE, JUN, and GONZALEZ, individually and as a peace officer, inclusive, who defendants CITY OF ANAHEIM, and ANAHEIM POLICE DEPARTMENT, individually and as a peace officer, inclusive, and each of them, at all times material herein knew or reasonably should have known had dangerous and dishonest propensities for abusing their authority and for using excessive and punitive force and violence and for falsifying their accounts and reports of their actions, especially where force was used by said defendants.

72.  On July 2, 2016, as a legal result of the acts and omissions of the Defendants, and each of them, as alleged herein-above, FERMIN VINCENT VALENZUELA, II was injured and hurt in his health, strength, activity, and everyday well-being,  and  sustained injuries to his mind and body, shock and injury to his nervous system, and great physical, mental, and nervous pain and suffering, and FERMIN VINCENT VALENZUELA, II continued to suffer such injuries until the time of his death on July 10, 2016, which was caused by the acts of Defendants as alleged herein.

73.     By reason of the aforesaid acts and omissions of defendants, plaintiffs have been and will forever be deprived of the love, affection, society, companionship, support and pecuniary benefits of decedent, all to plaintiffs' damages according to proof at trial.

74.     As a further proximate result of the aforesaid acts and omissions by defendants and the death of decedent, plaintiffs have incurred funeral and burial expenses in an amount to be proven at trial.

75.     Plaintiffs VINCENT VALENZUELA and XIMENA VALENZUELA, and each of them, are the minor children of decedent FERMIN VINCENT VALENZUELA, II, and are the successors-in-interest of decedent FERMIN VINCENT VALENZUELA, II, in accordance with California Code of Civil Procedure, §§ 377.11, 377.20 and 377.30.

**SECOND AMENDED COMPLAINT**

Accordingly, Plaintiffs are entitled to assert this claim which survives the death of their father, FERMIN VINCENT VALENZUELA, II.

76.     As a further direct and legal result of the acts and omissions of Defendants, and each of them, FERMIN VINCENT VALENZUELA, II was required to and did receive professional help for medical examination, evaluation, hospitalization, treatment and care of his severe injuries.  FERMIN VINCENT VALENZUELA, II incurred medical and incidental expenses, in an amount according to proof, between July 2 and July 10, 2016.

78.     The aforesaid acts and omissions of Defendants, and each of them, were done knowingly, intentionally and for the purpose of depriving FERMIN VINCENT VALENZUELA, II of his Constitutional rights in reckless and callous disregard of the same, and by reason thereof, punitive damages should properly be awarded against each individual defendant (and not against defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT) in an amount according to proof.

## FIFTH CLAIM FOR RELIEF

### (Violation of California Civil Rights Act)

**[VINCENT VALENZUELA and XIMENA VALENZUELA, by and through their Guardian, PATRICIA GONZALEZ, individually and as successors-in-interest of FERMIN VINCENT VALENZUELA, II, deceased, Against CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT, DANIEL WOLFE, WOOJIN JUN, and DANIEL GONZALEZ, individually and as peace officers]**

79.     Plaintiffs VINCENT VALENZUELA and XIMENA VALENZUELA, by and through their Guardian, PATRICIA GONZALEZ, individually, individually and as successors-in-interest of FERMIN VINCENT VALENZUELA, II, deceased, refer to and replead each and every allegation contained in paragraphs 1 through 78 of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

80.     On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated Plaintiff's civil rights, guaranteed by the United States Constitution,

- 17 -

**SECOND AMENDED COMPLAINT**

1   federal law, the California Constitution and the laws of the State of California thereby
2   violating California Civil Code Section 51.7, 52.1 (a)(b).

3      81.   As a proximate result of the aforementioned acts of Defendants, and each of
4   them, Plaintiff suffered damage in sum according to proof, and is entitled to the damages,
5   statutory damages, treble damages, attorney's fees and costs provided for by Civil Code
6   sections 52 and 52.1.

7      82.   As a further proximate result of the aforesaid acts and omissions by defendants
8   and the death of decedent, plaintiffs have incurred funeral and burial expenses in an amount
9   to be proven at trial.

10     83.   Plaintiffs VINCENT VALENZUELA and XIMENA VALENZUELA, and
11  each of them, are the minor children of decedent FERMIN VINCENT VALENZUELA, II,
12  and are the successors-in-interest of decedent FERMIN VINCENT VALENZUELA, II, in
13  accordance with California Code of Civil Procedure, §§ 377.11, 377.20 and 377.30.
14  Accordingly, Plaintiffs are entitled to assert this claim which survives the death of their
15  father, FERMIN VINCENT VALENZUELA, II.

16     84.   As a further direct and legal result of the acts and omissions of Defendants, and
17  each of them, FERMIN VINCENT VALENZUELA, II was required to and did receive
18  professional help for medical examination, evaluation, hospitalization, treatment and care of
19  his severe injuries.  FERMIN VINCENT VALENZUELA, II incurred medical and
20  incidental expenses, in an amount according to proof, between July 2 and July 10, 2016.

21     85.   The aforesaid acts and omissions of Defendants, and each of them, were done
22  knowingly, intentionally and for the purpose of depriving FERMIN VINCENT
23  VALENZUELA, II of his Constitutional rights in reckless and callous disregard of the
24  same, and by reason thereof, punitive damages should properly be awarded against each
25  individual defendant (and not against defendants CITY OF ANAHEIM and ANAHEIM
26  POLICE DEPARTMENT) in an amount according to proof.

27  ///
28  ///

- 18 -

**SECOND AMENDED COMPLAINT**

## **PRAYER FOR RELIEF**

Plaintiffs pray for judgment on all causes of action against defendants, and each of them, as follows:

1. For general damages in a sum according to proof;

2. For special damages according to proof, including but not limited to funeral and burial expenses;

3. For general and economic damages suffered by decedent FERMIN VINCENT VALENZUELA, II between July 2, 2016 and the time of his death on July 10, 2016.

4. For pre-judgment interest as allowed by law;

5. For punitive damages and treble damages as provided by law against each individual defendant;

6. For attorney's fees pursuant to 42 U.S.C. § 1988, California Civil Code 52.1(h) and any other applicable statute;

7. Statutory damages as allowed by law;

8. For costs of suit incurred herein; and

9. For such other and further relief as the court may deem proper.

Dated:  March 21, 2019                 **MARDIROSSIAN & ASSOCIATES, INC.**

                                                     _____
                                                                   /s/
                                                     Garo Mardirossian, Esq.
                                                     Lawrence D. Marks, Esq.
                                                     Attorneys for Plaintiffs VINCENT
                                                     VALENZUELA and XIMENA VALENZUELA

                                                     **THE LINDE LAW FIRM**
                                                     _____
                                                                   /s/
                                                     Douglas A. Linde
                                                     Erica A. Gonzales
                                                     Attorneys for Plaintiff FERMIN VINCENT
                                                     VALENZUELA

**SECOND AMENDED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the Constitution.

Dated:  March 21, 2019                    **MARDIROSSIAN & ASSOCIATES, INC.**


_____ /s/ _____

Garo Mardirossian, Esq.
Lawrence D. Marks, Esq.
Attorneys for Plaintiffs VINCENT
VALENZUELA and XIMENA VALENZUELA


**THE LINDE LAW FIRM**


_____ /s/ _____

Douglas A. Linde
Erica A. Gonzales
Attorneys for Plaintiff FERMIN VINCENT
VALENZUELA, SR.

- 20 -

**SECOND AMENDED COMPLAINT**