FILED
CLERK, U.S. DISTRICT COURT

11/19/2019

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ gga _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| FERMIN VINCENT VALENZUELA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ANAHEIM, *et al.*,<br><br>Defendants. | Case No.: SACV 17-00278-CJC (DFMx), consolidated with SACV 17-02094-CJC (DFMx) |
| VINCENT VALENZUELA and XIMENA VALENZUELA by and through their guardian PATRICIA GONZALEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ANAHEIM, *et al.*,<br><br>Defendants. | PHASE II SUPPLEMENTAL JURY INSTRUCTIONS |

# COURT'S INSTRUCTION NO. 1

Now that you have found in favor of plaintiffs Vincent and Ximena (the "Children"), it is my duty to instruct you about the measure of damages. These instructions supplement the instructions that I gave you earlier for Phase I of the trial.

You must now determine compensatory damages. The Children have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Children for any injury you find was caused by the defendants. You should consider the following:

1.      The mental, physical, and emotional pain and suffering experienced by Fermin Vincent Valenzuela Junior ("Mr. Valenzuela");

2.      The loss of life experienced by Mr. Valenzuela;

3.      The Children's loss of Mr. Valenzuela's love, companionship, comfort, care, protection, affection, society, moral support, training, and guidance. In determining this loss, do not consider:

  a.      The Children's grief, sorrow, or mental anguish;

  b.      Mr. Valenzuela's pain and suffering;

  c.      The poverty or wealth of the Children; or

  d.      Any emotional distress arising from litigating or participating in this case.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

No fixed standard exists for deciding the amount of these damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

# COURT'S INSTRUCTION NO. 2

In determining damages for the Children, you should take into account how long the Children will probably live, as well as how long Mr. Valenzuela would probably have lived.

Vincent Valenzuela is 13 years old. According to the National Vital Statistics Report, a 13-year-old male is expected to live another 64 years.

Ximena Valenzuela is 8 years old. According to the National Vital Statistics Report, an 8-year-old female is expected to live another 74 years.

Mr. Valenzuela was 32 years old. According to the National Vital Statistics Report, a 32-year-old male is expected to live another 46 years.

These are the average life expectancies. Some people live longer and others die sooner. This published information is evidence of how long a person is likely to live but is not conclusive. In deciding a person's life expectancy, you should also consider, among other factors, that person's health, habits, activities, lifestyle, and occupation.

**COURT'S INSTRUCTION NO. 3**

The law that applies to this case authorizes an award of nominal damages.  If you find that the Children have failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

# COURT'S INSTRUCTION NO. 4

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

# COURT'S INSTRUCTION NO. 5

You have heard testimony during Phase II from Dr. Robert Shavelle, Dr. David Wellisch, and Dr. Bennett Williamson, who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## COURT'S INSTRUCTION NO. 6

You previously elected one member of the jury as your presiding juror.  The presiding juror will continue to preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# COURT'S INSTRUCTION NO. 7

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website, or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COURT'S INSTRUCTION NO. 8

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## COURT'S INSTRUCTION NO. 9

A second verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the second verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.