UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **FERMIN VINCENT VALENZUELA,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF ANAHEIM,** *et al.*,<br><br>Defendants. | **Case No.: SACV 17-00278-CJC (DFMx), consolidated with SACV 17-02094-CJC (DFMx)**<br><br>**JUDGMENT ON JURY VERDICT** |
| **VINCENT VALENZUELA and XIMENA VALENZUELA by and through their guardian PATRICIA GONZALEZ,**<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF ANAHEIM,** *et al.*,<br><br>Defendants. | |

This action came on regularly for trial on November 12, 2019 in Courtroom 7C of the United States District Court, Central District of California before the Court and a jury, the Honorable Judge Cormac J. Carney presiding.

A jury of eight persons was regularly empaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the case was submitted to the jury. The jury deliberated and thereafter returned a verdict on Phase I on November 18, 2019, and on Phase II on November 20, 2019 as follows:

## PHASE I VERDICT

**Question 1**: Did Officer Woojin Jun or Officer Daniel Wolfe use excessive or unreasonable force against Fermin Vincent Valenzuela Junior in violation of his constitutional rights under the Fourth Amendment?

   Officer Woojin Jun      \_\_\_X\_\_ Yes.    \_\_\_\_\_No.

   Officer Daniel Wolfe     \_\_\_X\_\_ Yes.    \_\_\_\_\_No.

**Question 2**: Is Sergeant Daniel Gonzalez liable as a supervisory defendant for the unlawful actions of Officer Woojin Jun or Officer Daniel Wolfe?

              \_\_X\_\_ Yes.    \_\_\_\_\_No.

**Question 3**: Is the City of Anaheim liable for the actions of any of its defendant police officers based on an unlawful official policy, practice, or custom of the Anaheim Police Department?

             __X__ Yes.   _____No.

**Question 4**: Is the City of Anaheim liable for the actions of any of its defendant police officers based on the Anaheim Police Department's failure to train?

             _____ Yes.   ___X__No.

**Question 5**: Did any of the defendant police officers act with a purpose to harm unrelated to legitimate law enforcement objectives in violation of Plaintiffs' substantive due process rights to familial relations under the Fourteenth Amendment?

| | | |
|---|---|---|
| Officer Woojin Jun | _____ Yes. | ___X__No. |
| Officer Daniel Wolfe | _____ Yes. | ___X__No. |
| Sergeant Daniel Gonzalez | _____ Yes. | ___X__No. |

**Question 6**: Did any officer use unreasonable force and commit battery under state law?

| | | |
|---|---|---|
| Officer Woojin Jun | ___X__ Yes. | _____No. |
| Officer Daniel Wolfe | ___X__ Yes. | _____No. |
| Sergeant Daniel Gonzalez | ___X__ Yes. | _____No. |

**Question 7**: Was any officer's unreasonable force and battery a substantial factor in causing Fermin Vincent Valenzuela Junior's death?

    Officer Woojin Jun                 ___X__ Yes.         _____No.

    Officer Daniel Wolfe             ___X__ Yes.         _____No.

    Sergeant Daniel Gonzalez     ___X__ Yes.         _____No.

**Question 8**: Was any officer negligent under state law?

    Officer Woojin Jun                 ___X__ Yes.         _____No.

    Officer Daniel Wolfe             ___X__ Yes.         _____No.

    Sergeant Daniel Gonzalez     ___X__ Yes.         _____No.

**Question 9**: Was any officer's negligence a substantial factor in causing Fermin Vincent Valenzuela Junior's death?

    Officer Woojin Jun                 ___X__ Yes.         _____No.

    Officer Daniel Wolfe             ___X__ Yes.         _____No.

    Sergeant Daniel Gonzalez     ___X__ Yes.         _____No.

**Question 10**: Was Fermin Vincent Valenzuela Junior also negligent during the incident in question?

                                  ___X__ Yes.         _____No.

**Question 11**: Was Fermin Vincent Valenzuela Junior's negligence a substantial factor in causing his death?

                                  ___X__ Yes.         _____No.

**Question 12**: What percentage of fault do you assign for the negligence?

    Officer Woojin Jun, Officer Daniel Wolfe,    ___85____%

    and/or Sergeant Daniel Gonzalez

    Fermin Vincent Valenzuela Junior       ___15____%

**Question 13**: Did any of the defendant police officers violate Fermin Vincent Valenzuela Junior's rights under California Civil Code § 52.1?

| | | |
|---|---|---|
| Officer Woojin Jun | ___X__ Yes. | _____No. |
| Officer Daniel Wolfe | ___X__ Yes. | _____No. |
| Sergeant Daniel Gonzalez | ___X__ Yes. | _____No. |

## PHASE II VERDICT

**Question 1**: What are Fermin Vincent Valenzuela Junior's survival damages for his loss of life and for his pre-death pain and suffering?

    Loss of Life:                     $___3.6 Million_____

    Pre-death pain and suffering    $___6 Million_____

**Question 2**: What are Vincent Valenzuela's damages for the past and future loss of Fermin Vincent Valenzuela Junior's love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance?

                                              $___1.8 Million_____

**Question 3**: What are Ximena Valenzuela's damages for the past and future loss of Fermin Vincent Valenzuela Junior's love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance?

$___1.8 Million_____

BASED UPON THE FOREGOING, IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiffs Vincent Valenzuela and Ximena Valenzuela shall recover from Defendants City of Anaheim, Officer Woojin Jun, Officer Daniel Wolfe and Sergeant Daniel Gonzalez, jointly and severally, the total sum of $13,200,000, costs in this action, and statutory attorney fees to be determined by the Court. This amount is broken down as follows:

   a. Plaintiffs Vincent Valenzuela and Ximena Valenzuela, as successors in interest to Fermin Vincent Valenzuela Junior, shall recover from Defendants City of Anaheim, Officer Woojin Jun, Officer Daniel Wolfe and Sergeant Daniel Gonzalez, jointly and severally, the total sum of $9,600,000, and costs in this action, to be determined by the Court.

   b. Plaintiff Vincent Valenzuela shall also recover from Defendants City of Anaheim, Officer Woojin Jun, Officer Daniel Wolfe and Sergeant Daniel Gonzalez, jointly and severally, the sum of $1,800,000, and costs in this action, to be determined by the Court.

c. Plaintiff Ximena Valenzuela shall also recover from Defendants City of Anaheim, Officer Woojin Jun, Officer Daniel Wolfe and Sergeant Daniel Gonzalez, jointly and severally, the sum of $1,800,000, and costs in this action, to be determined by the Court.

2. In addition to the foregoing, and as the prevailing parties on their Fourth Amendment Claim, their <u>Monell</u> Claim and their Bane Act Claim, Plaintiffs are entitled to recover statutory attorney fees and applicable costs, to be determined by the Court.

3. Plaintiffs Vincent Valenzuela and Ximena Valenzuela shall recover post-judgment interest on all of the above sums at the rate of 1.60% from the date of this Judgment, or $578.63 per day, for the first year, and compounded annually thereafter, pursuant to 28 U.S.C. § 1961.

DATED: December 4, 2019

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE